UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JILL DOE, JOHN DOE and JANE DOE, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Civil Action No.: |
| CBDE, | ) ) ) | |
| *Defendant*. | ) ) | |

## COMPLANT

1. Jill Doe ("Jill" or "Student") and her parents, John and Jane Doe ("Parents"), prevailed in a due process hearing before the Bureau of Special Education Appeals ("BSEA"). Student and Parents now bring this action for recovery of attorneys' fees and costs pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, *et. seq.*

## JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A) and venue under 28 U.S.C. § 1331.

## PARTIES

3. Jill is an eighteen year-old student with significant special needs currently receiving educational services coordinated by a therapeutic school in Massachusetts pursuant to an IEP, and implemented by Defendant CBDE Public Schools ("CBDE"). Her parents, John & Jane Doe are residents within the district of CBDE Public Schools.

1

4. CBDE is established under laws of the Commonwealth of Massachusetts and is a public corporation with the capacity to be sued. It receives federal funds from the United States Department of Education pursuant to the IDEA, 20 U.S.C. § 1400 *et. seq.*, and is required to provide special education and related services in compliance with IDEA. The pseudonym CBDE was first used by the BSEA hearing officer to protect Jill's privacy.

## FACTS

5. Jill is a student with a disability in that she is diagnosed with and suffers from, *inter alia*, Post-Traumatic Stress Disorder, Mood Disorder NOS, and polysubstance dependence.

6. CBDE failed to identify Jill as a student with a disability and violated its obligations under Child Find, despite significant information and knowledge provided to the Defendant by Jill's parents and through Jill's actions, and its obligation to evaluate Jill for eligibility for services and accommodations under Section 504 of the Rehabilitation Act, 79 U.S.C. 794, and the IDEA.

7. Parents made numerous requests for assistance from the School, and CBDE's responses were insufficient to satisfy their legal obligations under the IDEA and Section 504.

8. On April 23, 2011, Parents filed a hearing request with the BSEA in light of CBDE's failure to properly evaluate Jill for a disability and provide special education services, which failure severely exacerbated Jill's emotional disabilities.

9. CBDE attempted to prevent the Does from proceeding to a due process hearing by filing a Complaint for an Interlocutory Injunction before this Court (Woodlock, J.) on May 16, 2011. After a hearing on Motions to Dismiss CBDE's Complaint, filed by the BSEA and the Does, the Court granted the Motions to Dismiss and ordered the parties to proceed with the hearing.

10. On the first date of the hearing, September 12, 2011, CBDE administrators refused to testify, and the Does were required to file a Complaint in Massachusetts Superior Court to compel their testimony. On October 11, 2011, the Court (Muse, J.) granted the Does' Motion to Compel Witnesses to Testify.

11. The parties proceeded to a BSEA hearing on October 24, 2011, October 25, 2011, November 28, 2011, November 29, 2011 and December 1, 2011.

12. Hearing Officer William Crane issued a decision on March 19, 2012, which concluded that (1) the School violated child find in March 2009 when it did not refer Student for evaluation to determine eligibility under special education and Section 504 after she disclosed that she was raped by a CBDE employee, and by February 2010, CBDE's continuing failure to refer Student for an evaluation after a residential psychiatric admission and diagnoses of PTSD and Mood Disorder (NOS) became a blatant disregard of Jill's child find rights; (2) the Does satisfied the gross misjudgment standard regarding the School's child find violation, thereby meeting the intentionality standards that the First Circuit would likely use for compensatory damages under Section 504; (3) the School failed to provide Jill with the free and appropriate public education that she is entitled to under the IDEA; and (4) as a result of the School's failure to timely refer Student under child find, there was substantial educational harm to Jill from approximately six weeks after the beginning of the 2009-2010 school year until she was placed in a residential, therapeutic school placement on May 20, 2010.

13. The BSEA's decision materially changed the legal relationship between the parties in that the BSEA made findings of fact that CBDE violated its Child find obligations, and by February 2010 acted in blatant disregard of Jill's rights under Child Find. In so doing, the BSEA found that CBDE acted with gross misjudgment and deliberate indifference, thereby

meeting the intentionality standard to recover compensatory damages under Section 504. Furthermore, the decision resulted in the exhaustion of the Does' administrative remedies in a manner such that they are able to pursue compensatory damages and other relief in federal court.

## CAUSE OF ACTION

14. Plaintiffs re-allege paragraphs 1 through 13 above and incorporate the same as if fully set forth herein.

15. Plaintiffs are prevailing parties within the meaning of the IDEA, 20 U.S. C. § 1415(i)(3)(B), and as such are entitled to an award of reasonable attorneys' fees and costs in connection with the hearing, as well as the defense of multiple motions and actions brought by CBDE to prevent the Does from proceeding to a hearing before the BSEA, as is required prior to filing suit in federal court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

a) That this Court take jurisdiction of this matter;

b) That this Court make a determination that Student was a prevailing party for purposes of an award of attorneys' fees;

c) That this Court award Plaintiffs' counsel reasonable attorneys' fees and costs pursuant to the Individuals with Disabilities in Education Act;

d) That this Court award such other and further relief as it deems proper.

Respectfully submitted,
Jill, John & Jane Doe, Plaintiffs
By their attorneys,


/s/ Elizabeth K. Adams
Elizabeth Knight Adams, Esq.
The Law Office of Elizabeth Knight Adams
BBO #: 659562
81 Wethersfield Avenue, Suite 2
Hartford, CT 06114
Tel: (860) 724-1300
Fax: (860) 724-1302


/s/Michael Turner
Michael Turner, Esq.
The Law Office of Michael Turner
BBO #: 656820
242 Wareham Road
P.O. Box 910
Marion, MA 02578
Tel: (508) 748-2362
Fax: (508) 748-6836


Dated: June 18, 2012